Latife Neu
1825 NW 65th Street
Seattle, WA 98117
(206) 297-6349
latife@neulegal.com

Hon. Christopher M. Alston
Chapter 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>TARYN ALISA WALCOTT,<br><br>Debtor.<br>_____<br>TARYN ALISA WALCOTT,<br><br>Plaintiff,<br><br>NAVIENT SOLUTIONS,<br><br>Defendants.<br>_____ | Chapter 7<br><br>Cause No.: 22-11768<br><br>Adv. Pro. No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBT UNDER 11 U.S.C..§523(a)(8) |

COMES NOW Debtor-Plaintiff Taryn A. Walcott ("Ms. Walcott" or the "Debtor"), through counsel, and files this Complaint to Determine Dischargeability of Student Loan Debt pursuant to 11 U.S.C. §523(a)(8).

**I. PARTIES**

1. The Debtor / Plaintiff Taryn A. Walcott is the debtor in the above-referenced Chapter 7 bankruptcy, which was filed with the assistance of counsel on October 31, 2022.

2. Defendant Navient Solutions is a corporation believed to be based in Delaware.

//

COMPLAINT

1

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A), (B), and (I).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 523(a) of the Bankruptcy Code.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1408 and §1409.

6. Plaintiff may serve the Defendants by mailing a copy of the Summons and Complaint to the Defendant at the below addresses:

Navient Solutions
Attn: John, Remondi, President & CEO
123 Justison Street, Suite 300
Wilmington, DE 19801

Federal Rule of Bankruptcy Procedure 7004(b)(3).

## III. FACTUAL BACKGROUND

7. Ms. Walcott filed a Chapter 7 bankruptcy on October 31, 2022. She received her discharge of debt on January 30, 2023.

8. While a student between the years of 1998 and 2007, Ms. Walcott entered into the following five Navient Signature Student Loans:

| Disb.date | Loan # | Original amt. | Current due* |
|---|---|---|---|
| 1998 | xxx079 | $2,000 | $3,450.20 |
| 2005 | xxx078 | $19,638 | $23,136.76 |
| 2006 | xxx095 | $18,574 | $20,550.74 |
| 2006 | xxx103 | $3,392 | $3,780.00 |
| 2007 | xxx111 | $4,000 | $2,625.76 |
| **TOTAL** | – | **$47,604** | **$53,512.70** |

*Amounts are approximates based on payoff data available on 3/15/2023.

9. The loans are currently serviced by Navient Solutions, and currently owned by Navient

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

Private Loan Trust.

10. The loans entered repayment in 2007. Ms. Walcott has made approximately 115 payments toward the loans. She has utilized forbearance and other programs to maintain the loans in good standing when she was unable to make payments to Navient. The loans have remained in good standing (not in default) for the duration of the repayment period.

11. Payments to Navient on these loans are believed to total $21,732.10.

12. Navient asserts that Ms. Walcott now owes $53,512.70, several thousand dollars more than she originally borrowed.

13. In addition to the loans listed above, Ms. Walcott borrowed federal student loans, which have also remained in good standing. Ms. Walcott intends to remain in good standing on these loans with the help of income-driven repayment options unique to federal loans. Ms. Walcott does not seek dischargeability of her federal student loans at this time.

14. Ms. Walcott has chronic health problems, including serious asthma and long COVID. She was forced to cut her working hours in 2022. She relies on an inhaler and asthma treatment that is directed and prescribed by her physician, but not fully covered by her health insurance. She currently lives in subsidized housing and has no discretionary income with which to pay Navient.

15. Ms. Walcott's health is in flux. She hopes to be able to continue working, despite her documented health problems. If she successfully re-enters the work force on a full time basis, she will lose her rent subsidy and some of her health care coverage, and, as a result, will pay far more for her basic living expenses, again leaving little or no money in her budget to pay to Navient.

16. Ms. Walcott is currently employed on a part time basis. The non-wage benefits that were listed on her Bankruptcy Schedule I have been exhausted.

17. Ms. Walcott has consistently earned a modest income, with her past three years' earnings totaling $19,930 in 2020, $28,577 in 2021, and $40,137 in 2022.

//

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

## IV. CLAIM FOR RELIEF: THAT PLAINTIFF'S PRIVATE STUDENT LOANS BE DISCHARGED UNDER SECTION 523(A)(8)

18. The above paragraphs are incorporated herein by reference.

19. Since completing her studies in 2007, Plaintiff has made a good faith effort to repay her private student loans owed to Navient, as well as her federal student loans.

20. Despite meager income and chronic health problems, she has maintained her Navient student loans in good standing through a mixture of forbearance and best-efforts payments.

21. Plaintiff's current income and expenses do not provide enough disposable income to afford the payments demanded by Navient without significant hardship. Having struggled to pay these loans since 2007, she now owes Navient more than she borrowed to pursue her education.

22. Ms. Walcott's inability to pay her student loans without undue hardship is likely to continue for the duration of the repayment period.

23. With her ability to earn impaired by her chronic health problems, it is unlikely that Ms. Walcott's ability to pay this loan will increase significantly over the life of the loan.

24. Ms. Walcott's future expenses will likely remain unchanged or increase. In the event that Ms. Walcott is successful in returning to a full time schedule, she will lose the public subsidies that she currently receives toward rent and necessary medicines.

## VII. PRAYER FOR RELIEF

Therefore, Plaintiff requests that the Court enter Orders as follows:

A. Ruling that Ms. Walcott's private student loans owed to Navient should be discharged, in their entirety, in this bankruptcy case, on the basis that repaying those loans would cause undue hardship to the Plaintiff, and

D. That Plaintiff have such other relief as is deemed just and equitable by this Court.

//

COMPLAINT

4

Latife Neu, Attorney at Law
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

1 DATED March 30, 2023

LATIFE NEU, ATTORNEY AT LAW

By:<u>*/s/ Latife H. Neu*</u>
Latife H. Neu, WSBA #33144
Attorney for Debtor/Plaintiff Taryn Alisa Walcott